# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ESTRELLA ADELA JAVIER and**
**DANIELA JAVIER, minor children of**
**Wilbert Javier Prado, appearing by their**
**Guardian *ad litem*, Ernesto Romero,**
**ESTATE OF WILBERT JAVIER PRADO, by**
**PATRICIA D. JURSIK, Special Administrator,**

Plaintiffs,

-vs-                                                    **Case No. 07-C-204**

**CITY OF MILWAUKEE,**
**ESTATE OF ALFONZO GLOVER,**

Defendants.

---

# DECISION AND ORDER

---

This is a wrongful death action against the City of Milwaukee and the estate of Alfonzo Glover, a police officer who committed suicide after being charged with first degree intentional homicide and perjury in connection with the death of Wilbert Javier Prado. At trial before Magistrate Judge William E. Callahan, the jury found that Glover used unreasonable force under color of law and awarded $1.85 million in damages. However, the jury also found that Glover was not acting within the scope of employment when he shot Prado, rendering Prado's estate unable to collect its judgment against the City. Wis. Stat. § 895.46(1)(a). On appeal, the Seventh Circuit reversed and remanded for retrial on the scope-of-employment issue based on a faulty jury instruction. *Javier v. City of Milwaukee*, 670 F.3d 823 (7th Cir. 2012). The Court held a scheduling conference and set an October 15,

2012 trial date. At the conference, the City of Milwaukee signaled its intention to file a motion for summary judgment, which is now before the Court for decision.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

The City argues that Javier cannot sustain his indemnification claim because Glover's statements about the incident are inadmissible. Glover's statements were subject to a motion in limine before Judge Callahan, who ruled that the "prior statements provided by Glover during interviews and in written reports as part of the Milwaukee Police Department, Internal Affairs Bureau's investigation into the shooting, as well as Glover's testimony at the Inquest, are admissible against the City as party admissions under Fed. R. Evid. 801(d)(2)(D)." ECF No. 61, June 12, 2008 Order at 11-12; 2008 WL 2412980, at *7. The City concedes, as it must, that federal courts exercising jurisdiction over a state law claim apply state law to

-2-

substantive issues and federal law to procedural issues. *Stutzman v. CRST, Inc.*, 997 F.2d 291, 294 (7th Cir. 1993) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Simmerman v. Modern Indus., Inc.*, 960 F.2d 692, 696 (7th Cir. 1992). However, the City contends that a substantive rule of Wisconsin law precludes the use of out-of-court statements by an employee to prove that the employee was acting within the scope of employment. *Harris v. Richland Motors, Inc.*, 96 N.W.2d 840 (Wis. 1959) (the "fact of agency must be proved by evidence other than the declaration by the alleged agent"); *Punke v. Brody*, 115 N.W.2d 601, 605 (Wis. 1962) ("An agent's authority may not be shown by testimony describing his declarations to third persons").

As an initial matter, the City waived this argument by failing to raise it before Judge Callahan. The City confusingly argues that it somehow could not raise this argument because of the federal claims that were pending alongside the now-remaining scope-of-employment claim. But judges must always observe the distinction between state substantive law and federal procedural law pursuant to the *Erie* doctrine. If the City was entitled to judgment on its state law claim as a matter of substantive state law, the co-existence of a federal claim in the prior proceedings did not preclude the City from raising the issue. The City cannot use the "accident of remand as an opportunity to reopen waived issues." *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). Ultimately, the City's argument against waiver makes no sense in light of its current argument that it is entitled to summary judgment pursuant to a substantive rule of state law. "[O]n remand and in the absence of special circumstances, a district court may address only (1) the issues remanded, (2) issues arising

for the first time on remand, or (3) *issues that were timely raised before the district and/or appellate courts but which remain undecided*." *Id.* (emphasis added).

Even on its merits, the City's motion for summary judgment must be denied. As noted above, the City relies on *Harris*, which held that the "fact of agency must be proved by evidence other than the declaration by the alleged agent." 96 N.W.2d at 845. In *Harris*, a car salesman died in a car accident, and the issue was whether the salesman owned the car involved in the accident or whether it belonged to the car dealership he worked for. An affidavit from a third party recounting a conversation with the salesman was offered into evidence which suggested that the dealership "had some right to control the terms of the sale of the Rambler." *Id.* at 844. The court observed that this was hearsay evidence, and considered the exception for "statements of an agent made within the scope of his employment and within the actual or apparent authority from the principal . . ." *Id.* at 845. "We do not deem this exception applicable here. Whether or not Holloway had authority to speak for Richland Motors while he was negotiating for the sale of the Rambler depends upon the ownership of the Rambler, the very issue of fact which the statement is offered to resolve. The fact of agency must be proved by evidence other than the declaration by the alleged agent." *Id.*

The City misreads the rule applied in *Harris*. In *Harris*, the out of court statement was offered to prove that the agent was acting within the scope of employment at the time the alleged statements were made. *See also Punke* at 604-05 ("The process server testified (over objection) that Altman [the alleged agent] told the process server that he had such

-4-

authority. . . . The objection should have been sustained. An agent's authority may not be shown by testimony describing his declarations to third persons"); *Mared Indus., Inc. v. Mansfield*, 690 N.W.2d 835, 848 n.18 (Wis. 2005). In other words, these cases hold that the substance of an out of court statement cannot be used to prove that the statement was made within the scope of employment. "By longstanding common law tradition, the proponent of an agent's admission was expected to prove that the speaker was an agent or employee of the opponent by offering only evidence that was independent of the statement itself. A statement offered as an admission could not prove its own provenance, so to speak, which can be seen as an expression of discomfort with the circularity or bootstrapping that would occur if a statement offered as an agent's admission could prove the very agency that makes it admissible." 4 Mueller & Kirkpatrick, FEDERAL EVIDENCE § 8:57 (3d ed. 2007). In the instant case, Glover's statements were undeniably made when he was an employee of the City, so the "fact of agency" is undisputed. 2008 WL 2412980, at *3 ("The City does not dispute that, at the time of his statements and testimony, Glover was an employee of the City; nor does the City dispute that the statements and testimony were given during the existence of the employment relationship"). The only issue is whether Glover was acting within the scope of his employment when he shot and killed Mr. Prado, not whether his later statements regarding that incident were made within the scope of his employment. "Evidence of a statement by an agent concerning the existence or extent of his authority is not admissible against the principal to prove its existence or extent, *unless it appears by other evidence that the making of such statement was within the authority of the agent . . .*" Restatement

-5-

(Second) of Agency § 285 (1958) (emphasis added); *see also* cmt. b ("Evidence of authorized statements by an agent as to the existence or extent of his authority at a *prior or subsequent time* not only is admissible when such statements are operative facts . . . but can be introduced as admissions against the principal as in any other case in which a statement is authorized, for the purpose of proving that the agent had authority to act") (emphasis added).  Therefore, the rule applied in *Harris* does not preclude the use of Glover's out-of-court statements to prove that he was acting within the scope of his employment.

Finally, having framed the issue in this manner, the Court is not convinced that the rule expressed in *Harris* is a substantive rule of law for purposes of the *Erie* doctrine. Instead, the rule appears to be a "pure rule of evidence . . . concerned solely with accuracy and economy in litigation," as opposed to a rule that is "concerned with the channeling of behavior outside the courtroom."  *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 199 (7th Cir. 1992).  The City argues that the rule is meant to shape the way people in the community must represent themselves before liability can be shifted from the agent or employee to another person or entity.  But the rule only comes into effect by reason of the agent being unavailable to testify (subject to cross-examination) regarding the scope of his own agency.  Restatement (Second) of Agency § 285 cmt. a ("The rule stated in this Section does not deal with testimony by an agent.  A person can properly testify as to the facts which it is alleged constitute his authority, and his testimony can be introduced either by or against the alleged principal").  The eventual unavailability of the proposed agent is a matter of happenstance that has nothing to do with regulating the behavior of those agents outside the

-6-

courtroom. As an evidentiary matter, the rule simply "delineate[s] what evidence may be used to prove the essential elements of a claim;" it does not "alter what has been determined by state law to constitute those elements." *Stutzman* at 295. The aforementioned treatise on evidence perhaps explains the source of confusion on this issue: "So strong is tradition in this area that the principle of requiring independent evidence often appears in substantive accounts. . . . Yet it seems that the principle is purely evidential and not substantive. Seavey [on Agency, § 105], for example, explains himself by commenting that an agent's statement 'is only hearsay and has no probative value if unconnected with other facts to prove authority.'" Mueller & Kirkpatrick, § 8:57, n.6.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the City's motion for summary judgment [ECF No. 197] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2012.

BY THE COURT:

HON. RUDOLPH T. RANDA
U.S. District Judge

-7-